UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRELL HASLEY, JR.,<br><br>    Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>    Respondent. | Case No.: 1:25-cv-00717-CDB (HC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PETITIONER'S FAILURE TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION TO RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. 10)<br><br>**14-DAY DEADLINE** |

Petitioner Gerrell Hasley, Jr., is a state prisoner proceeding pro se and *in forma pauperis* in this habeas action pursuant to 28 U.S.C. § 2254.

**Background**

Petitioner initiated this action with the filing of a petition for writ of habeas corpus on June 12, 2025. (Doc. 1). On August 11, 2025, the Court set a briefing schedule and directed Respondent Christian Pfeiffer to file a response to the petition. (Doc. 5). On October 9, 2025, Respondent filed a motion to dismiss Petitioner's petition. (Doc. 10). The deadline by which Petitioner was to file a response to Respondent's motion to dismiss was November 10, 2025, and Petitioner has failed to file either an opposition or a statement of non-opposition to the motion, or otherwise explain his delinquency. (Doc. 5 at 2).

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure

of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Thus, the Court will direct Petitioner to show cause in writing why sanctions should not be imposed for his failure to comply with the Court's orders.

**Conclusion and Order**

Accordingly, the Court **ORDERS** Petitioner to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Local Rules and file an opposition, or statement of non-opposition, to Respondent's motion to dismiss (Doc. 10). Petitioner may comply with this order in the alternative by filing his opposition or statement of non-opposition to the motion to dismiss by that same deadline.

**Failure to comply with this order will result in a recommendation that this action be dismissed for failure to comply with the Court's orders and failure to prosecute**.

IT IS SO ORDERED.

Dated:   **November 12, 2025**          _____
                                         UNITED STATES MAGISTRATE JUDGE

2